IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULAZIZ ABDULRAHMAN AL-BADAH, et al., | ) ) ) | |
| Petitioners, | ) | Docket No. 1:05CV 01641 (CKK) |
| v. | ) ) | |
| GEORGE W. BUSH, et al., | ) ) | |
| Respondents. | ) | SEPTEMBER 27, 2005 |

PETITIONERS' MOTION FOR THE ISSUANCE OF
WRITS OF *HABEAS CORPUS* OR ORDERS TO SHOW CAUSE

Pursuant to 28 U.S.C. § 2243, Petitioners Abdulaziz Abdulrahman Al-Badah, Abdulaziz Mohammed Al-Naser and Ibrahim Mohammed Al-Naser (the "Detained Petitioners"), together with Next of Friend Abdullah Abdulazia Al-Badah, move the Court to issue writs of habeas corpus, returnable in three days, or alternatively to issue orders directing the respondent to show cause why the writs should not be granted, also returnable within three days.

As set forth more fully in the accompanying Statement of Points and Authorities and the previously filed Petition, the Detained Petitioners are being held indefinitely in federal custody at Camp Delta, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba in violation of the laws of the United States and international law.  Moreover, upon information and belief, the Detained Petitioners have not been charged with any crime or wrong doing and have not engaged in combat against the United States or committed acts of terrorism against the United States.

ORAL ARGUMENT REQUESTED

WHEREFORE, the Detained Petitioners and their Next of Friend respectfully request the issuance of writs of habeas corpus returned within three days or the issuance of orders to show cause returned within three days.

By_____
Arnold L. Natali, Jr.  (NJ4811)
LEAD COUNSEL
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
(973) 624-7070 Fax

Jason C. Welch  (CT23418)
McCarter & English, LLP
CityPlace I
36th Floor
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 Fax

*Of Counsel*
Barbara Olshansky (NY0057)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY  10012
(212) 614-6439
(212) 614-6499 Fax

ORAL ARGUMENT REQUESTED

**CERTIFICATE OF SERVICE**

I, Jason Welch, hereby certify that on this 27th day of September, 2005, I caused copies of the Petitioners' Statement of Points and Authorities in Support of Their Motion for the Issuance of a Writ of *Habeas Corpus* or an Order to Show Cause, to be served on each of the Respondents or their counsel as follows:

By Hand-Delivery to:
Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, DC  20530

By Certified Mail, Return Receipt Requested to:
Alberto R. Gonzales
Attorney General of The United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Avenue, N.W.
Room 551
Washington, DC  20530

George W. Bush
President Of The United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC  20500

Donald Rumsfeld
Secretary, United States Dept. of Defense
1000 Defense Pentagon
Washington, DC  20301-1000

By Registered Mail to:
Army Brig. Gen. J. Hood
Commander, Joint Task Force-GTMO
JTF-GTMO
APO AE 09360

Army Col. Brice Gyurisko
Commander, JDOG
JTF-GTMO
APO AE 09360

_____

ORAL ARGUMENT REQUESTED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULAZIZ ABDULRAHMAN AL-BADAH, et al., )<br>)<br>Petitioners, )<br>v. )<br>)<br>GEORGE W. BUSH, et al., )<br>)<br>Respondents. ) | <br><br>Docket No. 1:05CV 01641 (CKK)<br><br><br><br><br>SEPTEMBER 27, 2005 |

PETITIONERS' STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR THE ISSUANCE OF
WRITS OF *HABEAS CORPUS* OR ORDERS TO SHOW CAUSE

Pursuant to 28 U.S.C. § 2243 and Local Civil Rule 7(a), Petitioners Abdulaziz Abdulrahman Al-Badah, Abdulaziz Mohammed Al-Naser and Ibrahim Mohammed Al-Naser (the "Detained Petitioners"), together with Next of Friend Abdullah Abdulazia Al-Badah, submit this Statement of Points and Authorities in support of their Motion For The Issuance of Writs of *Habeas Corpus* or Orders to Show Cause.

The Detained Petitioners are being held indefinitely in federal custody at Camp Delta, at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba, in violation of United States and international law. Moreover, upon information and belief, the Detained Petitioners have not been charged with any crime or wrong doing and have not engaged in combat against the United States or committed acts of terrorism against the United States.

ORAL ARGUMENT REQUESTED

In support of their motion they state the following:

1. Upon information and belief the Detained Petitioners have been held at Guantánamo Bay by the United States for nearly three years. During that entire time they have been held virtually *incommunicado*.

2. On August 15, 2005, undersigned counsel filed a Petition for Writs of Habeas Corpus (the "Petition") on behalf of Detained Petitioners and their Next of Friend. The Petition contests both the facts of the Detained Petitioners' incarcerations as well as their inhumane treatment, which violates the Constitution and the laws of the United States, the Uniform Code of Military Justice, treaties to which the United States is a party and various principles of international law, as set forth more fully in the Petition.

3. This Court has jurisdiction pursuant 28 U.S.C. § 2241 to hear the Detained Petitioners' *habeas corpus* challenges to the legality of their detention. The Detained Petitions are entitled to challenge their incarceration at Guantánamo Bay Naval Base. *Rasul v. Bush*, 542 U.S. 466, 124 S. Ct. 2686, 2698 (2004). Moreover, the United States concedes that "§ 2241 and its companion provisions provide at least a skeletal outline of the procedures to be afforded a petitioner in federal habeas review." *Hamdi v. Rumsfeld,* 542 U.S. 507, 124 S.Ct. 2633, 2644 (2004). Indeed, such outline includes "that 'the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts,' and … allows the taking of evidence in habeas proceedings by deposition affidavit, or interrogatories." *Id.* (citing 28 U.S.C. §§ 2243 & 2246).

4. Pursuant to 28 U.S.C. § 2243 "a court, justice or judge entertaining an application for a writ of *habeas corpus* shall forthwith award the writ or issue an order

directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2004).

5.    Pursuant to 28 U.S.C. § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See Simspon v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993), cert. *denied*, 510 U.S. 983 (1983) (stating that the district court complied with the "forthwith" requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge).

6.    The Petitioners request that writs or, alternatively, orders to show cause be returnable within three days.  The original petition was filed on August 5, 2005, and served on the United States Attorney by hand, pursuant to Fed. R. Civ. P. 4(i)(1)(A), on August 22, 2005.  Service also was effected on August 26, 2005 through certified mail, pursuant to Fed. R. Civ. P. 4(i)(1)(B), on the United States Attorney General.  Finally, Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, was also sent an electronic PDF copy of the Petition on August 19, 2005.  Each Defendant was also individually served by U.S. certified mail.

7.    The United States has imprisoned and interrogated the Detained Petitioners for at least three years.  Upon information and belief, the government has interrogated the Detained Petitioners on numerous occasions and is well aware of the factual bases that allegedly support his continued imprisonment.  The Government has

openly acknowledged the Department of Defense's attempts to hold so-called "Combatant Status Review Tribunals" hearings at which each detainee's "enemy combatant" status, and their detention generally, is reviewed. *See U.S. Says 3 at Guantánamo not Enemy Combatants* (Reuters) Feb. 4, 2005 (Exhibit A) ("So far the tribunals have ruled that 387 Guantánamo prisoners were correctly classified as enemy combatants.").

8. Because the Government has already evaluated the "enemy combatant" status of the Detained Petitioners and conducted levels of review that presumably included evidence allegedly sufficient to justify the Government's determinations, and since the Detained Petitioners continue to be held, there is no basis for the Government to claim that it needs more time to comply with the Supreme Court's directive to allow detained prisoners to test the bases for their detention. Accordingly, there is no reason to delay issuance of Writs or Orders to Show Cause.

9. The facts in this case require that the matter be handled expeditiously. In one remarkable recent account, it was reported that of those currently held at Guantánamo Bay, the United States military's own "[c]ommanders now estimate that up to 40% of the 549 current detainees probably pose no threat and possess no significant information." *See Wall Street Journal*, January 26, 2005 at A1 (Exhibit B). Even more stunning, "Military officials at Guantánamo say they have specifically recommended the release of about 100 of those men. But after a year of delay, the Pentagon, which makes the final call, has yet to act." *Id*. The Court should not allow this state of affairs to continue. As indicated above, Detained Petitioners challenge their wrongful imprisonment, which Petitioners submit has been without basis, without charge,

without access to counsel and without being afforded any fair process by which he might challenge his designation or detention.  That imprisonment has now apparently lasted over three years.

10. Petitioners also challenge the conditions of their incarceration. Based on information obtained from former and current prisoners at Guantánamo Bay, there is a strong likelihood that the Detained Petitioners have been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confessions, a practice that directly contravenes applicable domestic, military and international law.  For example, a recently declassified summary of detainees' statements indicates that detainees were, among other wrongs, beaten while praying, choked and hit until unconscious, short shackled on the ground for approximately 16 hours, made to observe a male and female interrogator who appeared to be having sex, threatened with rape, had family threatened, and injected with unknown substances.  *See*, Declaration of Joshua Colangelo-Byran, dated March 15, 2005, in *Aziz v. Bush*, 05-492(EGS) (Exhibit C).

11. Press reports also reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Suicide Attempts Rise to 31* (AP), August 20, 2003 (Exhibit D).  On information and belief, the health and mental condition of the Detained Petitioners will be placed at risk if their incarceration is allowed to continue without review and remedial measures ordered by this Court.

12. Orders to show cause have been granted in many Guantánamo *habeas* cases.  For example, the Court ordered a hearing on March 18 for an order to

show cause in the case of *Batarfi v. Bush*, C.A. No. 05-409 (EGS). (attached as Exhibit E). Also, on or about July 29, 2004, the Court issued an order to show cause in the case of *Gherebi v. Bush*, C.A. No. 04-1165 (RBW) as attached as Exhibit F). On or about July 23, 2004, the Court issued an order to show cause in the case of *El-Banna v. Bush*, C.A. No. 04-1144 (RWR) (attached as Exhibit G). On or about August 6, 2004, the Court issued an order to show cause in the case of *Abdah v. Bush*, C.A. No. 04-1254 (HHK) (attached as Exhibit H).

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, the Detained Petitioners and Next Friend Hadrami respectfully request that this Court issue either writs of *habeas corpus* or orders to show cause, either of which should then be ordered returnable within three days of this Court's issuance.

By_____
Arnold L. Natali, Jr.  (NJ4811)
LEAD COUNSEL
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
(973) 624-7070 Fax

Jason C. Welch  (CT23418)
McCarter & English, LLP
CityPlace I
36th Floor
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 Fax

ME1\5197881.1

*Of Counsel*
Barbara Olshansky (NY0057)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6439
(212) 614-6499 Fax

ME1\5197881.1

## CERTIFICATE OF SERVICE

I, Jason Welch, hereby certify that on this 27th day of September, 2005, I caused copies of the Petitioners' Statement of Points and Authorities in Support of Their Motion for the Issuance of a Writ of *Habeas Corpus* or an Order to Show Cause, to be served on each of the Respondents or their counsel as follows:

By Hand-Delivery to:
Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, DC  20530

By Certified Mail, Return Receipt Requested to:
Alberto R. Gonzales
Attorney General of The United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Avenue, N.W.
Room 551
Washington, DC  20530

George W. Bush
President Of The United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC  20500

Donald Rumsfeld
Secretary, United States Dept. of Defense
1000 Defense Pentagon
Washington, DC  20301-1000

By Registered Mail to:
Army Brig. Gen. J. Hood
Commander, Joint Task Force-GTMO
JTF-GTMO
APO AE 09360

Army Col. Brice Gyurisko
Commander, JDOG
JTF-GTMO
APO AE 09360

_____

ME1\5197881.1