IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULAZIZ ABDULRAHMAN AL-BADAH, et al., | ) ) ) |
| Petitioners, | ) Docket No. 1:05CV 01641 (CKK) |
| v. | ) ) |
| GEORGE W. BUSH, et al., | ) ) |
| Respondents. | ) October 18, 2005 |

**PETITIONERS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSTION TO RESPONDENTS' MOTION TO STAY**

Pursuant to Local Civil Rule 7(b), Petitioners Abdulaziz Abdulrahman Al-Badah, Abdulaziz Mohammed Al-Naser and Ibrahim Mohammed Al-Naser (the "Detained Petitioners"), together with Next of Friend Abdullah Abdulazia Al-Badah (collectively, the "Petitioners"), submit this Memorandum of Points and Authorities in Opposition to the Respondents' Motion to Stay Proceedings.

Though the Petitioners recognize a value to limiting Court proceedings while the United States Circuit Court for the District of Columbia decides In re Guantánamo Detainee Cases, Civil No. 02-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005) and Khalid v. Bush, Civil No. 04-1142 and Boumediene v. Bush, Civil No. 04-1166, 355 F. Supp. 2d 311 (D.D.C 2005), a stay without affording the Petitioners and their counsel the opportunity to develop their case runs contrary to the *habeas corpus* statutes and would severely prejudice the Petitioners should the D.C. Circuit decide that *habeas* petitions on behalf of alien detainees at Guantánamo Bay may go forward.  For

1

these reasons, the Petitioners have proposed that the stay be entered but with the following conditions:

      1)      the Respondents file a factual return with the Court and produce to counsel for the Petitioners the same along with all documents mentioned in that return;

      2)      the Respondents provide the Court and the Petitioners' counsel of 30 days advance notice of any proposed transfer of the Detained Petitioners to a country where the Respondents have an understanding with that country that the purpose of the transfer is for anything other than release;

      3)      the protective orders attached to the Respondents' motion be entered with the Petitioners reserving their rights to raise objections to such orders with the Court when appropriate.

As discussed following, the Petitioners' requests are reasonable and necessary to ensure adequate representation by counsel and that, should the D.C. Circuit affirm the Court's decision in In re Guantánamo Detainee Cases, Civil No. 02-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), the Petition will be able to be prosecuted in a timely manner in accordance with the intent of the federal *habeas corpus* statutes.

## POINTS OF FACT

The Detained Petitioners are being held indefinitely in federal custody at Camp Delta, at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba, in violation of United States and international law. Upon information and belief the Detained Petitioners have been held at Guantánamo Bay by the United States for nearly four years. During that entire time they have been held virtually *incommunicado*.

On August 15, 2005, the Petitioners filed their petition. On August 19, 2005, counsel for the Petitioners emailed a copy of the Petition to Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, and on August 22, 2005, the Petition was served on the United States Attorney by hand, pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. Service also was effected on August 26, 2005 through certified mail, pursuant to Rule 4(i)(1)(B) of the federal Rules of Civil Procedure, on the United States Attorney General. Each Respondent was also individually served by U.S. certified mail.

Despite a statutory requirement to respond to the Petition, the Respondents remained silent -- not even appearing in this action until October 7, 2005. This delay has frustrated the Detained Petitioners' right to counsel, delayed adjudication of this Petition and forced counsel to incur the additional costs of in person service for motion practice. Moreover, the Respondents' delay is contrary to Congress' implied intent that *habeas* petitions be handled expeditiously.

On September 27, 2005, the Petitioners filed a Motion for Order to Show Cause and was forced to effect service of that motion pursuant to Fed. R. Civ. P. Rule 4. On September 29, 2005, counsel for the Respondents, Ms. Preeya Noronha, emailed counsel for the Petitioners, Mr. Arnold Natali, regarding the Respondents intent to stay the case and the proposed protective orders. On October 6, 2005, counsel for the Petitioners replied. Counsel for the Petitioners stated that they were wiling to agree to both a stay and the protective order, without waiving any of the Petitioners' rights, provided that the Respondents allowed meaningful access to the Detained Petitioners and

presented the minimum of a factual basis for the Respondents' detention of the Detained Petitioners.  Specifically, counsel for the Petitioners requested:

> (1) "factual returns, and any and all documents referenced therein";
>
> (2) to "reserve the right to raise objections to the [protective] order in the trial and appellate courts, if necessary";
>
> (3) that "[n]one of petitioners' rights and remedies are waived by entry of the protective order or the stay order";
>
> (4) "approv[al] or issue[ance] … of petitioners' counsel's security clearances by October 17, 2005", which were applied for in the first weeks of September"; and
>
> (5) "thirty days advance notice prior to any transfer" of the Detained Petitioner.

(Exhibit A – email from Mr. Arnold Natali to Preeya Noronha, Esq. of 10/6/05).

Counsel for the Respondents refused to negotiate and filed the instant motion, which seeks to postpone addressing the merits of the Petition, and any necessary discovery, until the resolution of all appeals in In re Guantánamo Detainee Cases, Civil No. 02-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005) and Khalid v. Bush, Civil No. 04-1142 and Boumediene v. Bush, Civil No. 04-1166, 355 F. Supp. 2d 311 (D.D.C 2005).

**ARGUMENT**

Counsel for the Petitioners have expressed a willingness to agree to a stay provided they are afforded meaningful access to the Detained Petitioners and the factual basis for the Respondents detention of the Detained Petitioners.  Absent such concessions, however, the Motion for Stay should be denied.

*Habeas corpus* cases must be decided promptly.  Pursuant to 28 U.S.C. § 2243, the writ or order to show cause "shall be returned within three days unless for good

4

cause additional time, not exceeding twenty days, is allowed." See Simspon v. Ortiz, 995 F.2d 606, 609 (5th Cir. 1993), cert. denied, 510 U.S. 983 (1983) (stating that the district court complied with the "forthwith" requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge). Indeed, in setting forth the schedule in the habeas statutes, "Congress was undoubtedly influenced by the possibility that the habeas petitioner might be unlawfully imprisoned, and the time limits demonstrate its concern for an expeditious determination of that issue." U.S. ex rel. Mattox v. Scott, 507 F.2d 919, 923 (7th Cir. 1974). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. Ruby v. U.S., 341 F.2d 585, 587 (9th Cir. 1965). The failure to file a timely return requires that the court proceed with a hearing to determine the facts. U.S. ex rel. Mattox v. Scott, 507 F.2d at 924.

       In this case, the Respondents' Motion to Stay should be denied because more than 20 days have elapsed since the filing and service of the Petition. The Petitioners' original petition was filed on August 15, 2005, and served on the United States Attorney by hand, pursuant to Fed. R. Civ. P. 4(i)(1)(A), on August 22, 2005. It is now October 18, 2005, and the Respondents have not as much as filed a return. With the statutory deadline past, there is no good reason why these returns should be withheld. Indeed, according to U.S. ex rel. Mattox v. Scott, the Petitioners are entitled to a hearing notwithstanding.

       The aggressive time table established by Congress weighs against staying this action in its entirety without the exceptions to the stay requested by the Petitioners.

5

Without a return and without meaningful access to the Detained Petitioners counsel for the Detained Petitioners will not be in a position to adjudicate the Petition in the expedited manner envisioned by Congress should the D.C. Circuit affirm <u>In re Guantánamo Detainee Cases</u>.

Postponing the filing of the factual return also makes no practical sense and will only serve to create "significant burdens" should the D.C. Circuit affirm <u>In re Guantánamo Detainee Cases</u>. The Respondents note that since February 2005 over 135 new habeas petitions were filed for 220 petitioners. (Memo, at 7). Attempting to have all of these returns filed immediately after the circuit court decision would be disastrous and would only lead to more excuses and more delay.

The Petitioners' proposed exceptions to the stay are eminently reasonable. In fact in other habeas petitions involving alien detainees held at Guantánamo Bay similar relief has been granted. For instance, in <u>Al-Oshan v. Bush</u>, Civil No. 05-0520 (RMU), the Court granted the government's motion to stay, entered the protective order and further ordered that the government may not move the detainees from Guantánamo Bay without providing the Court and counsel thirty days' advance notice of removal. (Exhibit B – Order). In <u>Ameziane v. Bush</u>, Civil No. 05-0392 (ESH) the Court again granted the government's motion to stay; however, the Court also ordered that "to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal" factual returns be provided in ninety days. (Exhibit C – Order, at 2). Moreover, the Court ordered that the government provide 30 days notice of any proposed transfer of the detainees from Guantánamo. <u>Id.</u>, at 3. See also Exhibit D - Memorandum

6

Order, <u>Slahi v. Bush</u>, Civil No. 05-0881 (RWR), <u>Chaman v. Bush</u>, Civil No. 05-0887 (RWR), entering similar order.

In summary, the Petitioners are not opposed to a stay of this Petition provided that the reasonable exceptions to the stay discussed above are included in such an Order.  Thus, the Petitioners request that the Respondents' Motion to Stay be denied, that the Petitioners Order to Show Cause be granted and that the attached order be entered.

By_____
   Arnold L. Natali, Jr.  (NJ4811)
   LEAD COUNSEL
   McCarter & English, LLP
   Four Gateway Center
   100 Mulberry Street
   Newark, New Jersey 07102
   (973) 622-4444
   (973) 624-7070 Fax


   Jason C. Welch  (CT23418)
   McCarter & English, LLP
   CityPlace I
   36th Floor
   Hartford, CT  06103
   (860) 275-6700
   (860) 724-3397 Fax

   *Of Counsel*
   Barbara Olshansky (NY0057)
   Center for Constitutional Rights
   666 Broadway, 7th Floor
   New York, NY  10012
   (212) 614-6439
   (212) 614-6499 Fax