UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMEDUO OULD SLAHI,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE W. BUSH et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-881 (RWR) |
| CHAMAN,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE W. BUSH et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-887 (RWR) |

## MEMORANDUM ORDER

Petitioner Mohameduo Ould Slahi and petitioner Chaman each seek a writ of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba. Petitioners, presumed to be unfamiliar with the English language, are unrepresented at this point and proceeding pro se. Respondents moved for a stay of proceedings [Dkt. # 4 in C.A. 05-881 and Dkt. # 6 in C.A. 05-887] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443

-2-

(D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March 10, 2005). Respondents also seek to be relieved of any obligation to file a factual return on the petition.

A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties). A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion

-3-

of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal). Where, as here, the condition imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

> Therefore, here
>
> the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." Landis v. North American Co., 299 U.S. 248, 256 (1936). Coextensive with a district court's inherent power to stay proceedings is the power to craft a stay that balances the hardships to the parties. Id. at 255 (noting concern regarding a stay causing "even a fair possibility . . . [of] damage to some one else."); see also Clinton v. Jones, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties]

-4-

are appropriate matters for the District Court to evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. # 12). Accordingly, it is hereby

ORDERED that respondents' motion for a stay and relief from any obligation to file a factual return [Dkt. # 4 in C.A. 05-881 and Dkt. # 6 in C.A. 05-887] be, and hereby is, GRANTED in part and DENIED in part. The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court. It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and petitioners or any counsel representing them thirty days' advance written notice of any transfer or removal of the detained

-5-

petitioner from United States custody at Guantanamo Bay. It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall still file a statement pursuant to the Show Cause Order that issued May 11, 2005, although respondents may have until July 15, 2005 by which to file the statement.

SIGNED this 15th day of June, 2005.

/s/
RICHARD W. ROBERTS
United States District Judge